**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>             Plaintiff,<br><br>  v.<br><br>ONE PARCEL OF PROPERTY LOCATED AT 5 REYNOLDS LANE, WATERFORD, CONNECTICUT, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON,<br><br>             Defendant.<br><br>[CLAIMANTS: SETH MARDER and BETH MARDER]<br><br>      . | 3:09-cv-543 (CSH) |

**ORDER DIRECTING PLAINTIFF TO RESPOND TO CLAIMANTS' SUBMISSION REGARDING FURTHER EVIDENCE ON THE EXCESS FINE CLAUSE OF THE EIGHTH AMENDMENT**

**HAIGHT, Senior District Judge:**

This is an action by Plaintiff United States of America pursuant to 21 U.S.C. § 881(a)(7) to forfeit the Defendant Real Property at 5 Reynolds Lane on account of the Property's use in a violation of 21 U.S.C. § 841(a)(1). The Court held that the Real Property is subject to forfeiture in a Ruling filed on October 3, 2012 [Doc. 44], familiarity with which is assumed. The facts and circumstances of the case are recited in that Ruling. They are reiterated here only to the extent necessary to explicate this Order, which addresses the need for a future evidentiary hearing.

1

## I.  BACKGROUND

Seth Marder and Beth Marder, who are the Claimants of the Property and its owners and residents, resist forfeiture.  They previously sought an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), into the legality of the State of Connecticut search and seizure warrant which preceded the United States' forfeiture action. [Doc. 31].  The Court concluded in its prior Ruling [Doc. 44] that the Claimants are not entitled to a *Franks* evidentiary hearing in the case at bar.  [Doc. 44].

The Government, in turn, moved for summary judgment in its *in rem* action for forfeiture against the Defendant Property.  This Court followed the precedent set by Judge Kravitz in *United States v. One Parcel of Property Located at 32 Medley Lane, Branford, Connecticut*, 372 F.Supp.2d 248 (D. Conn. 2005)*, aff'd in part and rev'd in part sub nom. von Hofe v. United States*, 492 F.3d 175 (2d Cir. 2007)*,* in which, presented with similar facts and claims, Judge Kravitz convened a jury trial focused on two issues: (1) whether the property in question was subject to forfeiture; and (2) whether one claimant was an innocent owner of said property.   372 F.Supp.2d at 250.  Judge Kravitz then dismissed his jury and took additional evidence on a third issue: whether forfeiture of the property at issue was constitutional, a question that arose under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, explaining in a Ruling reported at 2005 WL 465421 that "the Court should make the determination of whether the forfeiture is excessive under the Eighth Amendment, not the jury."  2005 WL 465421 at *1 (D. Conn. Feb. 11, 2005).

Accordingly, in its prior Ruling in the case at bar, this Court considered both: (1) whether the Defendant Property at 5 Reynolds Lane was subject to forfeiture to the United States; and (2) whether Claimant Beth Marder was an innocent owner of that Property.  [Doc. 44].  The Court

2

granted summary judgement to the Government on both issues, holding that the Defendant Property was subject to forfeiture, and that the defense of innocent owner was not available to Beth Marder.

*Id.* The Court further stated in its October 3, 2012 Ruling:

> As in *von Hofe*, the Court will consider separately the question whether the Excess Fine Clause of the Eighth Amendment bars forfeiture of both or either Claimant's interest in the Property. That question has not yet been briefed by counsel, and counsel may suggest additional evidence that it wishes to present with respect to it....
>
> Counsel for the parties are directed to file and serve, on or before October 14, 2012, written submissions stating whether they wish to offer further evidence with respect to the constitutional question in the case. If additional evidence is sought to be adduced, the proponent of the evidence is directed to submit a detailed offer of proof, describing in detail the nature of the evidence and its source.

*Id.* at 26. The Court also directed Counsel for Plaintiff to file and serve, on or before October 14, 2012, a proposed Judgment in a form and substance consistent with the Court's October 3, 2012 Ruling. If so advised, the Court specified that Counsel for Claimants Seth Marder and Beth Marder might file and serve a counter-Judgment on or before October 21, 2012. *Id.*

On October 12, 2012, pursuant to the Court's prior Ruling, Counsel for the Claimants submitted a document concerning further evidence on the constitutional question. *See* Defendant/Claimants Submission Re: Further Evidence on the Eighth Amendment's Excessive Fines Clause [Doc. 45]. Also on October 12, 2012, the Government submitted a Motion for Judgment of Decree of Forfeiture, [Doc. 46], along with a proposed Judgment of Decree of Forfeiture. [Doc.46-1]. However, counsel for the Government did not comply with the Court's direction, as expressed in its October 3, 2012 Ruling, that it file and serve a written submission stating whether the Government wished to offer further evidence with respect to the constitutional question which remains before the Court in the case at bar. *See* [Doc. 44]. The Court infers from the Government's silence on the issue that the Government does not wish to offer any further evidence or offer of proof

of its own regarding the Eighth Amendment question, to which the Court now turns its attention.

## II.   CLAIMANTS' OFFER OF PROOF

The Document which Claimants' Counsel submitted to this Court on October 12, 2012, Defendant/Claimants Submission Re: Further Evidence on the Eighth Amendment's Excessive Fines Clause, [Doc. 45], purports to be an offer of proof.  However, its apparent contents are part argument and part actual offers of proof.  The offers of proof that this document contains summarize additional testimony that Claimants hope to offer from Claimant Beth Marder.  *Id.*  Descriptions of this proposed additional testimony may be found  in ¶¶ 2, 4, 5, and 6, which read in pertinent part as follows:

"Beth Marder seeks to testify that the defendant property was purchased with the legal proceeds from the sale of their home in California."  ¶2.

"The defendant property was not purchased with illegal proceeds."  ¶2.

"[Claimants] will seek to introduce documents from the closing of the sale of the Marder's property in California and from the closing of the purchase of the defendant property."  ¶2.

"Beth Marder seeks to testify that the taxes and mortgage on the property and the cost of maintaining the property have come from legitimate income and gifts from their parents." ¶2.

"Beth Marder will seek to introduce evidence that since the seizure of the defendant property in April of 2009, the Marders have reduced the balance of the mortgage on the property by roughly $10,000.00."  ¶4.

"Beth Marder seeks to testify under oath before Your Honor, subject to Your Honor's assessment of her credibility, that she has been truthful throughout this process."  ¶5.

"Beth Marder will testify that as a result of the stress of this case and his mental illness Seth Marder attempted to take his own life on April 29, 2011."  ¶6.

"Beth Marder seeks to testify that the underlying reason why Seth Marder grew and smoked marijuana was because the legal drugs provided by the pharmaceutical industry did not work as well for him as marijuana."  ¶6.

4

"[Claimants] seek to introduce medical, hospital and doctor's records that Seth Marder took an overdose of prescription medicines on April 29, 2011; was rushed to Lawrence and Memorial Hospital; was on life support until May 2, 2011; was in the ICU Unit until May 8, 2011; and was then in the psychiatric ward of Lawrence and Memorial Hospital, The Pond House, until May 13, 2011." ¶6.

"Seth Marder continues to suffer mentally and physically from his mental illness and from his attempt to take his own life." ¶6.

"The Marders have incurred significant medical and other bills as a result of the suicide attempt." ¶6.

### III.   ORDER REGARDING GOVERNMENT'S RESPONSE
### TO CLAIMANTS' OFFER OF PROOF

The Court directs the Government to respond to the Claimants' offers of proof as contained in the Claimants' October 12, 2012 Submission Re: Further Evidence on the Eighth Amendment Excessive Fines Clause. [Doc. 45], in two respects.

First, the Government is directed to file and serve, on or before October 30, 2012, a statement as to whether any or all of the additional testimony which Beth Marder seeks to give contains recitations of fact whose accuracy the Government concedes. Any conceded facts will form part of the trial record as admissions, and need not be the subject of testimony.

Second, to the extent that any or all of the additional testimony which Beth Marder seeks to give contains evidence which the Government deems to be inadmissible for any reason, the Court directs the Government to make written objections to such evidence, and to file and serve such objections on or before October 30, 2012.

This Order contemplates a two-pronged response from the Government. The Government, if so advised, may couple its concession that a particular fact propounded by Claimants is accurate and true with an objection that the fact in question is inadmissible, irrelevant, or for any other reason

should not be considered by the Court in resolving the constitutional issue.  In making these directions, the Court intimates no present view as to how it will decide any of these questions.

If so advised, the Claimants may file and serve a response to the above-ordered Government submissions on or before November 13, 2012.

Following such submissions, the Court will make such further scheduling Order as the circumstances of the case may require.

It is SO ORDERED.
Dated: New Haven, Connecticut
October 17, 2012


_/s/Charles S. Haight, Jr._
Charles S. Haight, Jr.
Senior United States District Judge